# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

Argued May 4, 2007             Decided May 25, 2007

No. 06-5132

NATURAL RESOURCES DEFENSE COUNCIL,
APPELLANT

v.

STEPHEN L. JOHNSON,
ADMINISTRATOR UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY AND
ENVIRONMENTAL PROTECTION AGENCY,
APPELLEES

---

Appeal from the United States District Court
for the District of Columbia
(No. 05cv00340)

---

*Benjamin H. Longstreth* argued the cause for appellant. With him on the briefs was *Aaron Colangelo*.

*Alisa B. Klein*, Attorney, U.S. Department of Justice, argued the cause for appellee*s*. With her on the brief were *Peter D. Keisler*, Assistant Attorney General, *Jeffrey A. Taylor*, U.S. Attorney, *Jonathan F. Cohn*, Deputy Assistant Attorney General, and *Mark B. Stern*, Attorney. *Angeline Purdy*, *Michael T. Gray*, and *Teal L. Miller*, Attorneys, entered appearances.

Before: RANDOLPH, TATEL and BROWN, *Circuit Judges*.

PER CURIAM: The Natural Resources Defense Council sued the Environmental Protection Agency, claiming that the Agency violated statutory and regulatory reporting requirements in its registration of two pesticides. One of NRDC's claims was that the Agency had not complied with the Federal Advisory Committee Act (FACA), 5 U.S.C. App. 2 §§ 1-16. The district court dismissed NRDC's FACA claim for lack of standing because, the court found, NRDC had not filed a formal request with the Agency under the Freedom of Information Act (FOIA), 5 U.S.C. § 552. *NRDC v. Johnson*, 422 F. Supp. 2d 105, 116 (D.D.C. 2006). NRDC appeals that judgment, and we are presented only with the question of standing. We hold that the district court erred and therefore reverse.

The dispute arose out of the Agency's registration proceedings for pesticides containing atrazine. The Federal Insecticide, Fungicide and Rodenticide Act (FIFRA), 7 U.S.C. §§ 136-136y, requires the Agency to administer a pesticide registration regime. The Agency first registered atrazine under the statute in 1958. An amendment to FIFRA required the Agency reregister atrazine. *See id.* § 136a-1(a). The reregistration process involves several phases. *See id.* § 136a-1(b). As relevant here, the Agency first determines whether an active ingredient is "eligible" for reregistration, *id.* § 136a-1(g)(1), (2)(A), and then decides on a product-by-product basis whether to reregister the particular pesticide product, *id.* § 136a-1(g)(2)(B), (C).

The Agency issued an Interim Reregistration Eligibility Decision (IRED) in January 2003, announcing that products containing atrazine would be eligible for reregistration if, among other conditions, the registrants were able to provide data confirming that atrazine did not cause unreasonable adverse

effects. The Agency promised to work with the registrants to help develop a monitoring program to collect the relevant data. In a later IRED, the Agency described the monitoring program it had developed along with the primary atrazine registrant, Sygenta Crop Protection.

NRDC sued the Agency in district court, claiming the committees that developed the ecological monitoring program were "advisory committees" within the meaning of FACA and therefore subject to FACA's disclosure requirements. FACA requires that advisory committees covered by the statute file a charter, hold their meetings in public, and make committee documents available to the public subject to the exemptions of FOIA. 5 U.S.C. App. 2 §§ 9-10. Committee membership must also be fairly balanced. *Id.* § 5(b)(2).

The district court held that in order to have standing, a FACA plaintiff must show that "[it] sought and [was] denied specific agency records." *Johnson*, 422 F. Supp. 2d at 116 (alteration in original) (quoting *Public Citizen v. Dep't of Justice*, 491 U.S. 440, 449 (1989)). It was not enough that NRDC wrote to "complain that the agency was violating FACA"; it needed to "submit a FOIA request for documents." *Id.* (quotation marks omitted).

We held in *Food Chemical News v. Department of Health and Human Services*, 980 F.2d 1468, 1472 (D.C. Cir. 1993), that the government's obligation to make documents available under FACA does not depend on whether someone has filed a FOIA request for those documents. FACA incorporates the FOIA exemptions, *see* 5 U.S.C. App. 2 § 10(b), but the government's duty to disclose is otherwise independent of FOIA. We think it follows that a plaintiff does not have to file a formal FOIA request before bringing an action seeking a remedy for alleged

FACA violations, including violations of the statute's disclosure requirements.

We decide nothing beyond this. Whether NRDC's alleged request that the Agency comply with FACA, *see* Compl. ¶ 54, suffices to establish standing notwithstanding the Agency's release of the documents NRDC requested under FOIA is a question for the district court on remand. We also do not resolve the dispute between the parties about whether the alleged FACA committee still exists and what the legal consequences would be if it does not. *See generally Byrd v. EPA*, 174 F.3d 239 (D.C. Cir. 1999). The district court's judgment is reversed, and the case is remanded for further proceedings.

*So ordered.*